IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TOMMY LEE YATES | § | |
| v. | § | CIVIL ACTION NO. 5:17cv93 |
| CATHY McPEAK, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON THE ISSUE OF ADMINISTRATIVE REMEDIES

The Plaintiff Tommy Lee Yates, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Plaintiff named Telford Unit Practice Manager Cathy McPeak, Nurse Steven Roberts, Nurse T. Fowler, Nurse Practitioner J. Martin, and four unknown defendants identified as policymakers. This Order concerns the motion for summary judgment limited to the issue of exhaustion of administrative remedies filed by the identified Defendants and also addresses the unknown Defendants.

**I. Background**

Plaintiff asserts on December 24, 2015, he slipped in a puddle of water and broke his right hand. He took a shower and discovered he could not use his hand, so after he showered, he told Officer Mathis he had fallen and needed to go to the medical department. He complains of the treatment he received from Nurse Roberts, Nurse Fowler, and Nurse Practitioner Martin and states Practice Manager Cathy McPeak denied his grievances.

1

## II. The Defendants' Motion for Summary Judgment on the Issue of Exhaustion

The Defendants filed a motion for summary judgment on the issue of exhaustion stating that Plaintiff was injured on December 24, 2015, but did not file his Step One grievance on the incident until April 17, 2016. Because the grievance was not filed within 15 days of the incident, the Defendants argues that it was untimely and thus did not serve to exhaust Plaintiff's administrative remedies. Plaintiff did not file a response to the motion for summary judgment.

## III. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending the motion for summary judgment be granted with regard to Practice Manager McPeak, but denied as to the other named Defendants. The Magistrate Judge also recommended summary judgment be granted in favor of the unknown parties.

Although the Defendants argued Plaintiff's grievance was untimely, the Magistrate Judge observed the grievance was not rejected as untimely, but was answered on the merits. Consequently, the Defendants cannot now claim failure to exhaust based upon untimeliness. *Gates v. Cook*, 376 F.3d 323, 331 and n. 6 (5th Cir. 2004).

However, the Magistrate Judge went on to state Plaintiff did not file any Step One grievances complaining about Practice Manager McPeak or about any unknown policymakers. While he did mention Practice Manager McPeak in three of his Step Two grievance appeals, complaining about her responses to his Step One grievances, the Magistrate Judge concluded this did not exhaust Plaintiff's administrative remedies against Practice Manager McPeak or the unknown defendants because in order to exhaust, the prisoner must pursue his claims through both steps of the grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Although the unknown defendants did not join in the motion for summary judgment, the Magistrate Judge determined they were entitled to benefit from the motion. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

## IV. The Plaintiff's Objections

The Defendants did not file objections to the Report; accordingly, they are barred from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

In his objections, Plaintiff appears to contend he made his need for medical care known to the medical staff in various ways, including through the grievance he filed. He argues he should have a trial on his deliberate indifference claims, but overlooks the fact the Magistrate Judge did not recommend dismissal of his deliberate indifference claims against the nurses or the nurse practitioner. Plaintiff complains neither the unit grievance officer nor Practice Manager McPeak contacted him to ascertain and clarify his complaint or perfect a true investigation.

Plaintiff contends Practice Manager McPeak "fails in duty, responsibility, and obligation while acting under color of state law," but he does not address the fact he did not file any Step One grievances complaining about the actions of Practice Manager McPeak or the unknown policymakers. Instead, Plaintiff states as follows:

> The fact that Defendant McPeak was and is a designee and delegated to write a reply her excusal or removal may not be for failure to exhaust as the concertive [sic] effort in her failing to act reasonably and responsibly should sustain exhaustion if at any point the Plaintiff made her privy actually or constructively and she refused or failed to aid, assist, or protect the Plaintiff.

## V. Discussion

As the Magistrate Judge stated, the purposes of the exhaustion requirement include the goal of giving prison officials "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004), *citing Porter v. Nussle*, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Thus, a grievance is considered sufficient to the extent it "gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson*, 385 F.3d at 517.

All of the steps in a facility grievance procedure must be pursued in order to exhaust administrative remedies. Johnson, 385 F.3d at 515. This means in order for prisoners of the Texas Department of Criminal Justice - Correctional Institutions Division to exhaust an issue properly, the issue must be presented in a Step One grievance and then appealed to Step Two. New issues cannot be raised for the first time in a Step Two grievance appeal and only one issue per grievance may be presented. *Randle v. Woods*, 299 F.App'x 466, 2008 U.S. App. LEXIS 24138, 2008 WL 4933754 (5th Cir., November 19, 2008), *citing Johnson*, 385 F.3d at 515.

Thus, in order to properly exhaust his claims that Practice Manager McPeak and the unknown policymakers violated his constitutional rights, Plaintiff would have to complain of such alleged violations in a Step One grievance and appeal this grievance to the Step Two level, thus giving the prison administration the opportunity to correct the alleged wrongdoing by Practice Manager McPeak and the unknown policymakers. Plaintiff does not allege he filed Step One grievances complaining of Practice Manager McPeak or the unknown policymakers and the summary judgment evidence shows he did not do so. The Magistrate Judge correctly determined Plaintiff failed to exhaust his administrative remedies and Plaintiff's objections are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 40) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Defendants' motion for summary judgment on the issue of exhaustion (docket no. 39) is **GRANTED** as to Practice Manager McPeak and the claims against her are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** the claims against the four unknown Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** the Defendants' motion for summary judgment on the issue of exhaustion is **DENIED** as to the Defendants Nurse Fowler, Nurse Roberts, and Nurse Practitioner Martin. Finally, it is

**ORDERED** the Defendants' motion for extension of time to file their motion for summary judgment on the merits (docket no. 42) is **GRANTED**. The Defendants shall have until **December 4, 2019**, in which to file their motion for summary judgment on the merits.

**So Ordered this**
**Nov 4, 2019**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE